UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>LUIS CARLOS DE LEON-PEREZ<br>    Defendant. | )<br>)<br>)  Criminal No. H-17-514-1<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR IMMEDIATE DISCLOSURE OF MLAT REQUESTS, RESPONSES, AND TOLLING ORDERS AND REQUEST FOR HEARING**

Defendant, LUIS CARLOS DE LEON-PEREZ ["DE LEON"] by and through undersigned counsel, respectfully moves this Honorable Court to order the government to immediately disclose to the defendant and to permit the defendant to inspect and copy all Mutual Legal Assistance Treaty [MLAT] material pertinent to this case, including formal MLAT requests, all responses of foreign jurisdictions thereto, all ex-parte applications for an extension of the statute of limitations pertaining to this case together with all orders of extension issued thereon, and all documents submitted to the court to secure or extend any order relating to the statute of limitations applicable to this case.

IN SUPPORT OF THIS MOTION, the Defendant would show:

The Charges In Counts 1,2 and 4-7 of the Indictment.

Count 1 charges DE LEON with conspiring to commit money laundering in violation of 18 U.S.C. §1956(h). Specifically it alleges that DE LEON engaged in financial transactions involving proceeds of specified unlawful activity, namely the bribery of a foreign official in violation of the Foreign Corrupt Practices Act [FCPA], 15 U.S.C. §78dd-2, with the intent to promote that unlawful activity, all in violation of 18 U.S.C. §1956(h). [Indictment ¶40]

Count 2 charges DE LEON with conspiring to violate the FCPA by bribing foreign officials in order to assist Rincon and Shiera, and their companies in *"obtaining and retaining business for and with and directing business to, Rincon, Shiera, their companies, and others"* in violation of the FCPA, 15 U.S.C. §78dd-2(a), all in violation of 18 U.S.C. §371.[Indictment ¶129]

Counts 4 through 7 charge DE LEON with four substantive acts of money laundering occurring on October 26, 2011; March 19, 2012; March 20,2012; and March 22,2012; respectively. Each of these counts asserts that DE LEON engaged in financial transactions involving proceeds of specified unlawful activity: to wit, a felony violation of the FCPA, 15 U.S.C. §78dd-2, all in violation of 18 U.S.C. §1956(a)(1)(B)(I) and 2.[Indictment ¶172,174]

**Statute of Limitations [Counts 1,2, and 4-7]**

The Indictment in this case was filed August 23rd ,2017.

The Indictment's allegations indicate that the last money paid from DE LEON's account (specifically Swiss Account 1) to a "foreign official" occurred on February 21,2012 [Indictment ¶ 152]. That transfer was from Swiss Account 1 (De Leon) to Swiss Account 4 (Official "A") [Indictment ¶70,152].

The Indictment contains no factual allegation that De Leon paid any monies to any foreign official after February 21,2012. The substantive money laundering counts [Counts 4-7] allege transfers on October 26, 2011; March 19,2012; March 20,2012; and March 22, 2012- all more than five years before the indictment was filed.[Indictment ¶172,174] These alleged payments came from Shiera/Rincon accounts (not foreign officials) to De Leon's Swiss account #1 ( not a foreign official).[Indictment ¶7, 15,24,172,174]

The general five year statute of limitations applies to these Counts. 18 U.S.C. §3282. Absent an effective tolling order, the statute of limitations may bar all or some of these counts.

Undersigned counsel for Mr. De Leon has discussed the issues regarding the statute of limitations with Mr. Saunders, counsel for the government. Mr. Saunders indicated that the government had, in fact, secured two orders tolling the statute of limitations pursuant to 18 U.S.C. §3292 after filing MLAT requests directed to

Panama and to Switzerland. He also agreed to make a copy of the tolling orders available to the defendant.

Mr. Saunders, however, indicated that the MLAT requests and communications involving the underlying MLAT requests, responses thereto by Panama and/or Switzerland, and related communications pertaining to the requests and actions (including any "final action") by the foreign governments would not be made available to the defendant.

A cursory review of precedent pertaining to whether an MLAT request was sufficient to toll a statute of limitations, whether a district court's tolling order was properly entered, and the period of time that a limitations was extended show that examination of ALL material related to an MLAT extension is of critical importance. *See, e.g.*, United States v. Meador, 138 F.3d 986 (5th Cir. 1998) ( underlying responses to an MLAT request were essential to determine when "final action" was taken by the foreign government for purposes of determining the limitations tolling period); United States v. Torres, 318 F.3d 1058 (11th Cir. 2003) (studied review of response to MLAT request showed that it did not constitute "final action" by the foreign government); United States v. Trainor, 277 F.Supp.2d 1278 (S.D. Fl. 2003)( underlying request for a tolling order for purposes of extending the statute of limitation pursuant to 18 U.S.C. §3292 was insufficient on its face to support any tolling order.)

Consequently, it is essential that ALL MLAT material be produced for inspection by the defendant since the government is obviously relying on that procedure to justify an extension of the applicable statute of limitations. Defendant requests the following MLAT related material be produced as essential to the defense of this cause and asks that the information requested be produced immediately to the defense:

> 1. Copy of all formal Mutual Legal Assistance Treaty (MLAT) requests made to any foreign government or to its "central authority" by or on behalf of the Department of Justice for international assistance in obtaining evidence and upon which the government applied for a suspension of the statute of limitations applicable to this case pursuant to 18 U.S.C. §3292.

> 2. Copy of all ex-parte applications-including attachments, affidavits, and evidence- sunmitted by the government to the district court for a suspension of the statute of limitations pursuant to 18 U.S.C. §3292 pertaining to this case.

3. Copy of all orders entered by the district court upon any ex-parte application submitted by the government pursuant to 18 U.S.C. § 3292 pertaining to this case.

4. Copy of any extension requests or other pleadings submitted by the government to the district court related to any ex-parte application for an extension of the statute of limitations pertaining to this case.

5. Copy of all responses or other communications received by the government from any foreign government (or "central authority") in regards to each MLAT application described in request #1 above.

6. Copy of all communications sent by the government to any foreign government (or "central authority") in regards to each MLAT application described in request #1 above subsequent to the initial application.

7. Copy of any transmittal letter accompanying any transmittal described in requests #1-6 above.

NOTE: excluded from the above requests are the actual banks records the government has previously produced to the defendant described as "Documents produced by the Government of Panama pursuant to a Mutual Legal Assistance Treaty request" and "Documents produced by the Government of Switzerland pursuant to a Mutual Legal Assistance Treaty request" in Bates Range DOJ-000009083-000010535 and DOJ-000010536-000015622.

## MEMORANDUM OF LAW

In federal court, the statute of limitations for the overwhelming majority of offenses is five years. 18 U.S.C. § 3282. This statute of limitation protects an accused's right to defend himself and obtain a timely resolution of criminal charges. The Supreme Court in Toussie v. United States, 397 U.S. 112 (1970) observed that "[t]he purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves

against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." *Id.* at 114-15.

The statute of limitations for money laundering offenses begins to run on the date of the transaction. United States v. Li, 856 F.Supp. 421 (N.D.Ill 1994), affirmed, 55 F.3d 325 (7th Cir. 1995). Counts 1 and 2 of the indictment are both subject to the period of limitations set forth in 18 U.S.C.§3282 but in conspiracy charges the limitations period generally begins to run from the time of the last act of any conspirator in furtherance of the conspiracy. *E.g.,* Grunewald v United States, 353 U.S. 391, 396-397 (1957)( holding government must prove conspiracy still existed and at least one overt act was committed within the statute of limitations).

The indictment's allegations indicate that the last transfer from De Leon to any foreign official (Official "A") occurred on February 21,2012[ ¶ 152]. That transfer was from Swiss Account 1(De Leon) to Swiss Account 4 (Official "A") [¶70,152].

For purposes of Count 1, the indictment contains no other specific factual allegation that any monies were allegedly "laundered" by De Leon within five years of August 23rd ,2013, the date the Indictment was filed. For purposes of Count 2, it contains no factual allegation that De Leon paid any monies to any foreign official after February 21,2012. The substantive money laundering counts [Counts 4-7] allege transfers on October 26, 2011; March 19,2012; March 20,2012; and March 22, 2012- all at least five years before the Indictment was filed.

The general five year statute of limitations applies to these Counts. 18 U.S.C. §3282.  Absent an effective tolling order, the statute of limitations may time bar some or all of these counts. Undoubtedly, the government will attempt

to save the aforementioned counts from repose by resort to 18 U.S.C. §3292.

Therefore, it is vital and essential that each part of that process from the initial MLAT applications, ex-parte applications for a tolling order, all responses from the foreign governments, and any subsequent responses or requests by the government be closely examined for compliance with 18 U.S.C. §3292.

### *Request For Hearing On This Motion*

*The requested MLAT materials should be provided immediately so that the defendant can effectively prepare for trial currently set for July 23rd, 2018. Accordingly Defendant requests that the government be ordered to provide the requested MLAT materials immediately or, alternatively, that a hearing be set to determine the issues raised by this motion.*

WHEREFORE, Defendant respectfully moves this Court to grant his request for the disclosure of MLAT information set forth above.

Respectfully submitted,

/s/ *H. FRANK RUBIO Esq.*
FBN 212245
Attorney for the Defendant
1107 NE 104th Street
Miami Shores, Florida 33138
(305)892-5297
**Rubiolaw@aol.com**

<u>*s/ George J. Vila*</u>

GEORGE J. VILA  Esq.
FBN 141704
Attorney for the Defendant
201 Alhambra Circle, Suite 702
Coral Gables , Florida 33134
(305)445-2540
gvila@givpa.com

CERTIFICATE OF CONFERENCE

I hereby certify that on  April 12th and 25th  , 2018, the undersigned counsel for De Leon conferred with Jeremy R. Sanders, counsel for the Government, regarding the relief requested in the foregoing motion but the parties were unable to reach agreement as to the relief requested by the motion

<u>S/ H. Frank Rubio</u>

H. Frank Rubio, Esq.

FBN 212245

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion was served on this 9th day of May ,2018, with the Clerk's CM/ECF system on all counsel of record pursuant to Rule 5.3 of the Local Rules of the U.S. District Court for the Southern District of Texas.

*S/ H. Frank Rubio*

H. Frank Rubio, Esq.

FBN 212245

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                Criminal No. H-17-514-1

v.

LUIS CARLOS DE LEON-PEREZ

        Defendant.

## ORDER

Upon consideration of defendant DE LEON's Motion For Disclosure of MLAT material, and the memorandum in support thereof, IT IS:

ORDERED, that the motion is granted; and it is further

     ORDERED, all MLAT material including all applications to any foreign country, all ex-parte applications to the district court to toll the statute of limitations pursuant to 18 U.S.C. §3292, all orders of the district court entered upon any such application, all responses by a foreign government to any MLAT request, and all correspondence from the government to any foreign government concerning any MLAT application pertinent to this case, shall be disclosed immediately to the defendant.

     Signed in Houston, Texas, on _____, 2018.

                                              _____
                                              UNITED STATES DISTRICT JUDGE
                                              SOUTHERN DISTRICT OF TEXAS