UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-17-514-1 |
| LUIS CARLOS DE LEON-PEREZ, DEFENDANT | § § § § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT DE LEON'S MOTION FOR IMMEDIATE DISCLOSURE OF MLAT REQUESTS, RESPONSES, AND TOLLING ORDERS**

The United States, by and through its attorneys, Acting Chief of the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney for the Southern District of Texas, hereby respectfully submits this response to Defendant De Leon's Motion for Immediate Disclosure of MLAT Requests, Responses, and Tolling Orders ("Motion"). As the Government has already produced, or expects to produce in the near future, all of the material sought by Defendant De Leon, his Motion should be denied as moot.

**Background**

The Indictment in this case alleges a scheme by which Defendant De Leon, together with his co-defendants, coordinated extensive bribe payments between American-based businessmen and Venezuelan government officials and then laundered the proceeds of the bribery scheme through a series of complex

international financial transactions involving bank accounts in the United States (including in the Southern District of Texas), Switzerland, and Panama. Given the international nature of this case and the lengths to which the defendants went to conceal the movement of the bribe proceeds, during the course of the Government's investigation, the Government repeatedly sought evidence from various countries through Mutual Legal Assistance Treaty ("MLAT") requests. As part of its ongoing discovery in this case, the Government provided Defendant De Leon's counsel with bank documents obtained in response to MLAT requests submitted by the United States to Panama and Switzerland. In addition, the Government informed counsel for Defendant De Leon that, in connection with MLAT requests submitted in this case, the Government obtained three *ex parte* orders pursuant to 18 U.S.C. § 3292 suspending the statute of limitations.[1] *See United States v. Wilson*, 249 F.3d 366, 371 (5th Cir. 2001) ("An application to toll the statute of limitations under § 3292 is a preindictment, ex parte proceeding."), *abrogated on other grounds by Whitfield v. United States*, 543 U.S. 209 (2005).

---

[1] Title 18, United States Code, Section 3292(a)(1), provides as follows:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

Counsel for Defendant De Leon requested that the Government produce copies of the MLAT requests and the *Ex Parte* Applications for Suspension of Running of Statute of Limitations, along with any supporting documents and orders suspending the statute of limitations. The Government informed counsel for Defendant De Leon that, with respect to each of the *Ex Parte* Applications for Suspension of Running of Statute of Limitations, the Government sought, and obtained, orders sealing the *Ex Parte* Applications, supporting documents, and orders tolling the statute of limitations, based upon the fact that the Applications and supporting documents discussed various details of the Government's investigation and disclosure of that information would compromise grand jury secrecy and jeopardize the ongoing criminal investigation. *See United States v. Trainor*, 376 F.3d 1325, 1328-29 (11th Cir. 2004) (noting that motion to suspend the statute of limitations pursuant to § 3292 and accompanying order were filed under seal). The Government explained to defense counsel that before it could produce the requested material it had to file a motion to unseal those documents for the limited purpose of allowing the Government to produce those materials in discovery.

The Government subsequently filed a Motion to Unseal the *Ex Parte* Applications for Suspension of Running of Statute of Limitations in each of the three miscellaneous cases in which those Applications were made and, on May 24, 2018, United States District Judge Sim Lake granted the Government's motion.

Subsequently the Government produced the following documents to counsel for Defendant De Leon:

- An *Ex Parte* Application for Suspension of Running of Statute of Limitations filed on September 18, 2015 in Case No. 15-mc-2222, in connection with official request for mutual legal assistance sent by the United States to Switzerland on December 14, 2014, along with the documents filed in support of the Application, and an order suspending the statute of limitations pursuant to 18 U.S.C. § 3292 signed by Judge Lake on September 21, 2015.

- An *Ex Parte* Application for Suspension of Running of Statute of Limitations filed on June 16, 2016 in Case No. 16-mc-1346, in connection with official request for mutual legal assistance sent by the United States to Panama on March 25, 2016, along with the documents filed in support of the Application, and an order suspending the statute of limitations pursuant to 18 U.S.C. § 3292 signed by Judge Lake on June 17, 2016.

- An *Ex Parte* Application for Suspension of Running of Statute of Limitations filed on January 12, 2017 in Case No. 17-mc-0094, in connection with official request for mutual legal assistance sent by the United States to Switzerland on November 7, 2016, along with the documents filed in support of the Application and an order suspending the statute of limitations pursuant to 18 U.S.C. § 3292 signed by Judge Lake on January 12, 2017.

These documents, which included the relevant MLAT requests, fully satisfy Requests (1), (2), and (3) of Defendant De Leon's Motion.[2] See Dkt. 86 at 5-6. With respect to Requests (5), (6), and (7), the Government is presently assembling the relevant transmittal letters and other communications sent to, or received from, the

---

[2] The Government redacted certain information contained in the Applications, supporting documents, and tolling orders that does not relate to the charges in the instant prosecution.

foreign governments in connection with the MLAT requests described above and intends to produce those to the defendant in the near future.[3] In addition, the Government has informed counsel for Defendant De Leon that it intends to produce any additional records it receives in response to the MLAT requests that are relevant to this case.[4]

## Conclusion

In light of the fact that the Government has either already produced the material requested by Defendant De Leon in his Motion for Immediate Disclosure of MLAT Requests, Responses, and Tolling Orders, or has agreed to the produce any outstanding material in an expedited fashion, the Motion should be denied as moot.

---

[3] The Government does not concede the discoverability of all of the documents it has provided to the defense, many of which include formal communications between the United States and foreign sovereign governments. However, the Government has provided this material in the spirit of cooperative discovery, in an effort to avoid needless motions practice. The Government has informed counsel for Defendant De Leon that by producing such material, the Government does not intend to waive its right to object to any future discovery requests beyond the ambit of its legal obligations. In addition, counsel for Defendant De Leon has agreed that, should Defendant wish to litigate any issues associated with the MLAT requests or the orders suspending the running of the statute of limitations that would require reference to, or the attachment of, the documents described above, that such filing be made under seal in order to preserve the confidentiality of certain materials.

[4] The Government is not aware of any "extension requests" or other documents responsive to Request (4) of the Motion.

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER | RYAN K. PATRICK |
| ACTING CHIEF | UNITED STATES ATTORNEY |
| Fraud Section | Southern District of Texas |
| Criminal Division | |
| United States Department of Justice | |

*/s/ Jeremy R. Sanders*                 */s/ Robert S. Johnson*

| | |
|---|---|
| JEREMY R. SANDERS | JOHN PEARSON |
| SARAH E. EDWARDS | DEPUTY CHIEF |
| TRIAL ATTORNEYS | ROBERT S. JOHNSON |
| | ASSISTANT UNITED STATES ATTORNEY |

| | |
|---|---|
| Fraud Section, Criminal Division | U.S. Attorney's Office |
| U.S. Department of Justice | Southern District of Texas |
| 1400 New York Avenue, N.W. | 1000 Louisiana, Ste. 2300 |
| Washington, D.C.  20005 | Houston, TX 77002 |
| Tel:   (202) 616-2650 | Tel:   (713) 567-9306 |

## CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2018, I electronically filed the foregoing motion with the Clerk of the Court using the ECF/CM system for filing and service on all counsel of record.

*s/ Jeremy R. Sanders*
Jeremy R. Sanders
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
