## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:17-cr-514** |
| | § | |
| **LUIS CARLOS DE LEON-PEREZ,** | § | |
| **Defendant.** | § | |

### UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS

The United States moves for a Preliminary Order of Forfeiture for Substitute Assets of $18,118,783.15. The Defendant is unopposed and agrees to the proposed Order.

### Procedural Background

Defendant Luis Carlos De Leon Perez pleaded guilty to Counts One and Two of the Superseding Information. Count One charges Defendant with conspiracy to violate the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2 ("FCPA"), in violation of Title 18, United States Code, Section 371. Count Two charges Defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

The Defendant pleaded guilty and admitted that the factual basis of his Plea Agreement supported the forfeiture of up to $18,118,783.15. (Doc. 104, Plea Agreement at ¶ 22). On October 2, 2020, the Court imposed an agreed money

judgment in the amount of $18,118,783.15 against the Defendant. (Doc. 168, Order Imposing Money Judgment).

The Defendant wished to satisfy the money judgment with funds from a financial account in Switzerland, and the United States made a formal request to the Swiss authorities to allow a consent transfer as part of the enforcement of the Order Imposing Money Judgment.   The United States informs the Court that the $18,118,783.15 was received from the Swiss account via a consent transfer, and the funds are in United States custody in a U.S. Treasury forfeiture holding account, pending forfeiture as substitute assets to fully satisfy the Defendant's money judgment balance.

## Argument and Authorities

Under Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure, "the court may at any time enter an order of forfeiture" to forfeit "substitute property that qualifies for forfeiture under an applicable statute."  The applicable statute is 21 U.S.C. § 853(p), which provides for the forfeiture of substitute property in certain circumstances, including when forfeitable funds have been commingled with other funds and it is difficult to separate them.

The Defendant in his Plea Agreement stipulated that one or more of the Section 853(p) circumstances exists.  The United States does not object to the

Defendant satisfying the money judgment through the forfeiture of the Swiss funds as substitute assets.

The United States will publish notice of the Preliminary Order of Forfeiture and ultimately seek a final order of forfeiture after any third parties have had the opportunity to file a petition claiming an interest in the funds. A third-party petition claiming an interest in these funds is considered unlikely, given the voluntary nature of the repatriation.

## Relief Requested

The United States moves unopposed that the Court preliminarily forfeit the $18,118,783.15 as substitute assets. A proposed form of order is attached for the Court's consideration.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER          JENNIFER LOWERY
ACTING CHIEF                    ACTING U. S. ATTORNEY
Fraud Section                   Southern District of Texas
Criminal Division
United States Department of Justice

*/s/ Drew Bradylyons*                */s/ Robert S. Johnson*

DREW BRADYLYONS                 JOHN P. PEARSON
MARIHUG P. CEDEÑO               ROBERT S. JOHNSON
TRIAL ATTORNEYS                 ASSISTANT UNITED STATES
SONALI D. PATEL                 ATTORNEYS
ASSISTANT CHIEF

Fraud Section, Criminal Division    U.S. Attorney's Office
U.S. Department of Justice          *Southern District of Texas*
1400 New York Avenue, N.W.          *1000 Louisiana, Ste. 2300*
Washington, D.C.  20530             H*ouston, TX 77002*
Tel:   (202) 262-7809               Tel:   (713) 567-9385

## CERTIFICATE OF CONFERENCE

I certify that counsel was contacted about this motion and that the Defendant is unopposed.

s/Drew Bradylyons

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on all counsel via electronic court filing on June 6, 2022.

   s/Drew Bradylyons