United States District Court
Southern District of Texas
**ENTERED**
October 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| VS. § | CRIMINAL NO. 4:17-CR-00514-2, 6 |
| § § | |
| NERVIS GERARDO VILLALOBOS-CARDENAS (2), § § | |
| JAVIER ALVARADO-OCHOA (6), § § | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Before the Court are the defendants', Nervis Gerardo Villalobos-Cardenas ("Villalobos") Javier Alvarado-Ocha ("Alvarado"), motions to dismiss the Indictment and Superseding Indictment ("Indictment") pending in this case against them [DE 363], the government's response [DE 393], and the defendant's reply [DE 425].  In addition, Alvarado requested a hearing on his motion [DE 357], which request is denied.  After a careful review of the defendants' motions, the United States ("government's") responses, any replies and the Indictment and Superseding Indictment, the Court's charges against the defendants' set forth in the Indictment, the Court determines that the defendant's motions should be denied.

### II.  FACTUAL BACKGROUND

The focus of the government's investigation, underlying the indictments, was initially on Roberto Rincon Fernandez ("Rincon") and/or Abraham Shiera Bastidas ("Shiera"), businessmen who lived in Houston and Miami, respectively, and who owned or operated American corporations that provided goods and services to PDVSA.  As a reminder, PDVSA is/was a Venezuela owned

corporation through which the government of Venezuela conducted business with private corporations.

The government's investigation revealed that Rincon and Shiera were paying bribes to PDVSA officials who were in charge of procurement, in order to obtain improper business advantages—namely, additional contracts with PDVSA, and the ability to get paid on outstanding invoices ahead of other PDVSA vendors. To be sure, the illegal conduct of Rincon and Shiera began as early as 2010. Civil litigation against Rincon, in particular, revealed the breadth of the illegal activities and resulted in a protracted investigation by the government and the filing of criminal charges against him and others.

On December 10, 2015, Rincon and Shiera were charged, in a sealed -- 18 count Indictment, for conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), to commit wire fraud, for substantive violations of the FCPA, conspiracy to commit money laundering in violation of the Anti-Money Laundering Act ("AMLA"), and substantive acts of money laundering. *See, United States v. Roberto Enrique Rincon Fernandez and Abraham Jose Shiera Bastidas*, No. 4:15-CR-0654 (S.D. Tex.). The charges focused on Rincon's and Shiera's roles in a scheme to corruptly secure energy contracts with PDVSA and its subsidiaries, including subsidiary, Bariven, S.A. ("Bariven"), by offering and paying bribes to a number of PDVSA and Bariven officials, and then laundering the proceeds of the bribery through banks in the United States, ultimately bound for banks and investment groups in Switzerland and countries. Shiera pleaded guilty in March 2016, and Rincon pleaded guilty four months later in July 2016 to one or more of the Counts of the Indictment.

In August 2017, a grand jury sitting in the Southern District of Texas returned a 20-count indictment charging five former Venezuelan government officials with various money laundering

and FCPA violations. *See, United States v. Luis Carlos De Leon Perez, et al.*, No. 4:17-CR-00514 (S. D. Tex.). The Indictment alleges that in, or about 2011, a group of then-current and former high-level officials of PDVSA and PDVSA subsidiaries (referred to in the Indictment as the "Management Team"), solicited several PDVSA vendors and Rincon and Shiera for bribes and kickbacks in exchange for providing assistance in connection with their PDVSA business. The Indictment further alleges that certain co-conspirators laundered the proceeds of the bribery scheme through a series of international financial transactions in foreign countries. As stated earlier, this activity, commencing prior to 2011, continued over a number of years with the last international activity ending in 2015, or thereabout.

Allegedly the Management Team included defendants, Luis Carlo De Leon Perez, ("De Leon"); the former finance director for Electricidad de Cardemas ("Villalobos'); the former Vice Minister of Energy for Venezuela, Cesar David Rincon Godoy ("Cesar Rincon"); the former General Manager of Bariven, PDVSA's procurement subsidiary, Alejandro Isturiz Chiesa ("Isturiz"); the former Assistant to the President of Bariven; and, Rafael Ernesto Reiter Munoz ("Reiter"), the former Head of Security and Loss Prevention for PDVSA.

In September 2019, the 2017 Indictment was superseded and charged three additional individuals with conspiracy to commit money laundering -- Javier Alvarado Ochoa ("Alvarado"), the former President of Bariven; Daisy Teresa Rafoi Bleuler ("Rafoi"), a Swiss banker and Paulo Jorge de Costa Casquiero Murta ("Murta"). Both De Leon and Cesar Rincon, had been charged in the original Indictment, had appeared in Court and pled guilty.

Murta was extradited to the United States from Portugal; however, his case was dismissed in May 2023, and that judgment is currently pending before the Fifth Circuit Court of Appeals. The extradition proceedings for Villalobos and Reiter are currently pending in Spain. As charges

are pending there against them, Spain has denied the government's request for the extradition of Alvarado. Rafoi is considered a fugitive by the government. This Memorandum focuses on the charges against Villalobos and Alvarado.

In Count One, Villalobos and Alvarado are charged with conspiracy to commit money laundering, in violation of the money laundering conspiracy statute, Title 18 U.S.C. § 1956(h). Allegedly, they conspired with each other, and with De Leon and Cesar Rincon. In Count Two, Villalobos is charged under the Title 18 U.S.C. § 371, with conspiracy to violate the FCPA. In Count Three, Villalobos and Alvarado are charged with laundering $ 515,513.20 on or about October 26, 2011, in violation of Title 18 U.S.C. § 1956(a)(1)(B)(i) and aiding and abetting in that transfer.

In Count Thirteen, Alvarado is charged with conspiracy to commit money laundering -- again in violation of the money laundering conspiracy statute, Title 18 U.S.C. § 1956(h). He allegedly conspired with Villalobos, De Leon, Rincon, Shiera and others in a money laundering scheme and other activities. And, in Count Fifteen through Seventeen, Alvarado is charged with three instances of laundering funds on specific dates between April 16 and July 31, 2012, transferring funds from a Bariven account in Portugal for accounts controlled by Rincon and/or his companies, in violation of Title 18 U.S.C. § 1956(a)(1)(B)(i) and Title 18 U.S.C. § 1, and aiding and abetting others in facilitating those transfers.

### III. THE DEFENDANTS' CONTENTIONS

In three central contentions and related themes, Alvarado and Villalobos contend that the Court may, and should, entertain the dismissal of the Indictment as it pertains to them even though their motions are "pre-arraignment" motions. They assert that the Indictment is fatally flawed and that the federal statutes under which the Indictment was brought does not authorize the United States to proceed against them as foreign nationals for, allegedly, committing crimes outside the United States. *See in re Hijazi,* 589 F.3d 401, 403 (7th Cir. 2009). The defendants also assert that neither the FCPA nor the AMLA extends to them.

More specifically they argue that: (1) they are not intended covered persons under the Act(s); (2) Sections 1956(a) and (h) are not alternative bases for their prosecution; (3) allegations of a conspiracy and agency and for aiding and abetting, cannot resuscitate or cure a flawed Indictment. Finally, the defendant asserts that the Statute of Limitations for the prosecution of the charged offenses expired and claims of "follow up" investigations under the Mutual Legal Assistance Treaty ("MLAT") do not toll the limitations period as to them under Title 18 U.S.C. § 3292, as to any count of the Indictment.

### IV. ANALYSIS AND DISCUSSION

The Fifth Circuit Court of Appeals addressed the scope of Title 18 U.S.C. § 1956, in *United States v. Rafoi*, Cause Nos. 21-20658 and 22-20377, consolidated (February 28, 2023). There, it cited to *United States v. Ojedokun*, 16 F.4th 1091, 1106 (4th Cir. 2021, *cert. denied*, 142 S.Ct. 2780 (2022), for the proposition that a non-U.S. Citizen may be subject to prosecution under § 1956(f), even when he is not a U. S. Citizen, where his conduct occurred entirely overseas and who has not entered the United States during the conspiracy. The Fifth Circuit also pointed to *United States v. Iossifov*, 45 F.4th 899, 912-14 (6th Cir. 2022) for similar supporting authority. [It

must be noted that the Sixth Circuit appear to rest the basis of its jurisdiction on the view that some conspiracy conduct occurred in the United States.] Hence, the Fifth Circuit held that this Court erred when it dismissed the charges against Rafoi and Murta.

Following the Fifth Circuit's holding as the law of the case, the Court holds that Alvarado's and Villalobos claims concerning the conspiracy and money laundering statutes, and whether the Court lacks jurisdiction, are foreclosed by the law of the case.

The same outcome is appropriate concerning the defendants' arguments for dismissal based on the Statute of Limitations. The combination of the filing of a Superseding Indictment and the utilization of the MLAT process brings the government's charges within the bounds of the five-year Statute of Limitations. *See* Title 18 U.S.C. § 3282. As well, after reviewing the latest Indictment, it is clear that the government asserted allegations that are substantially similar to those in the original Indictment. Hence, it has not extended its reach beyond those bounds. *See United States v. McMillun*, 600 F.3d 434, 444 (5th Cir. 2010).

The Court concludes that Villalobos' and Alvarado's motions to dismiss should be and they are DENIED.

It is so Ordered.

SIGNED on October 10, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge